UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| GEORGE DUMONT, JONATHAN GRIMES, YVONNE WILLIAMS and KUJTIM ADILI, On Behalf Of Themselves And All Others Similarly Situated, <br><br> Plaintiffs, <br><br> -against- <br><br> LITTON LOAN SERVICING, LP, and OCWEN LOAN SERVICING, LLC, <br><br> Defendants. | Civil Action No. 1:12-cv-02677-ER-LMS |

**ANSWER OF DEFENDANT OCWEN LOAN SERVICING, LLC TO
PLAINTIFFS' FOURTH AMENDED CLASS ACTION COMPLAINT**

Defendant Ocwen Loan Servicing, LLC ("Ocwen"), by and through its counsel, hereby

answers the Fourth Amended Class Action Complaint ("Complaint") brought by Plaintiffs

George DuMont, Jonathan Grimes (the "DuMont Plaintiffs"), Yvonne Williams, and Kujtim

Adili (collectively, the "Plaintiffs"), on behalf of themselves and a proposed class of others

similarly situated.  See Docket No. 92.

Except as expressly admitted or denied herein, Ocwen is without knowledge or

information sufficient to form a belief as to the truth of the allegations of each and every

paragraph of the Complaint.  Ocwen also expressly denies each and every allegation and

statement made in the headings and subheadings in Plaintiffs' Complaint, which are reproduced

below for reference only and not as admissions of any of the allegations or statements made

therein.  In responding to the Complaint, Ocwen is responding on behalf of itself only, and not

on behalf of any other person or entity.  In response to the numbered allegations of the

Complaint, Ocwen states as follows:

**I.   NATURE OF THE CASE**

1.      The allegations set forth in Paragraph 1 of the Complaint consist of Plaintiffs' characterization of this action and Plaintiffs' proposed class definition, to which no response is required.  In further responding, Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the third sentence of Paragraph 1. To the extent that a further response may be required, Ocwen denies the remaining allegations set forth in Paragraph 1 of the Complaint.

2.      The allegations set forth in Paragraph 2 of the Complaint consist of Plaintiffs' characterization of this action and Plaintiffs' proposed class definition, to which no response is required.  To the extent that a response may be required, Ocwen denies the allegations set forth in Paragraph 2 of the Complaint.

3.      The allegations set forth in Paragraph 3 of the Complaint consist of Plaintiffs' characterization of this action, to which no response is required.  To the extent that a response may be required, Ocwen states that the *New York Times* article quoted in Paragraph 3 of the Complaint speaks for itself as to its content.  To the extent a further response may be required, Ocwen denies the allegations set forth in Paragraph 3 of the Complaint.

4.      The allegations set forth in Paragraph 4 of the Complaint consist of Plaintiffs' characterization of this action and Plaintiffs' proposed class definition, to which no response is required.  To the extent that a response may be required, Ocwen denies the allegations set forth in Paragraph 4 of the Complaint.  Ocwen further responds that, in light of the Court's Opinion and Order dated March 11, 2015 (Dkt. No. 99) and the dismissal of the DuMont Plaintiffs' claims against Defendant Litton Loan Servicing LP ("Litton"), the DuMont Plaintiffs lack

standing to represent a proposed class of individuals asserting claims against Litton and lack

standing to represent a proposed class of individuals asserting claims related to the Home

Affordable Modification Program ("HAMP"), applications for loan modifications under HAMP,

or the alleged denial of loan modification applications under HAMP.  Accordingly, to the extent

the DuMont Plaintiffs purport to assert claims against Litton, represent a putative class

purporting to assert claims against Litton, or represent a putative class purporting to assert claims

related to HAMP, Ocwen expressly denies that the DuMont Plaintiffs have standing or other

legal ability to assert such claims.

5.     The allegations set forth in Paragraph 5 of the Complaint consist of Plaintiffs'

characterization of this action and Plaintiffs' proposed class definition, to which no response is

required.  To the extent that a response may be required, Ocwen denies the allegations set forth

in Paragraph 5 of the Complaint.  Ocwen further responds that, in light of the Court's Opinion

and Order dated March 11, 2015 (Dkt. No. 99) and the dismissal of the DuMont Plaintiffs'

claims against Defendant Litton Loan Servicing LP ("Litton"), the DuMont Plaintiffs lack

standing to represent a proposed class of individuals asserting claims against Litton.

Accordingly, to the extent the DuMont Plaintiffs purport to assert claims against Litton or

represent a putative class purporting to assert claims against Litton, Ocwen expressly denies that

the DuMont Plaintiffs have standing or other legal ability to assert any such claims against

Litton.

6.     The allegations set forth in Paragraph 6 of the Complaint consist of Plaintiffs'

characterization of this action and Plaintiffs' proposed class definition, to which no response is

required.  To the extent that a response may be required, Ocwen denies the allegations set forth

in Paragraph 6 of the Complaint.  Ocwen further responds that because Plaintiff Williams does

not, and cannot, assert any individual claims for relief against Litton, she lacks standing to represent a putative class of individuals purporting to assert claims against Litton, and, thus, denies Plaintiff Williams' standing to represent a putative class purporting to assert claims against Litton.

## II.    JURISDICTION AND VENUE

7.      The allegations set forth in Paragraph 7 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response may be required, Ocwen admits that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

8.      The allegations set forth in the first sentence of Paragraph 8 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response may be required, Ocwen admits that venue is proper in this District.  In response to the second sentence of Paragraph 8, Ocwen admits that it conducts business and generates revenue in the State of New York.  Ocwen otherwise denies the remaining allegations set forth in the second sentence of Paragraph 8 of the Complaint.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 8 of the Complaint.

9.      The allegations set forth in Paragraph 9 of the Complaint consist of legal conclusions to which no response is required.  In further response, Ocwen denies that it has engaged in any wrongdoing, in this District or elsewhere.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 9 of the Complaint.

### III.        PARTIES AND RELEVANT NON-PARTIES

10.        Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 10 of the Complaint.  Ocwen admits that Litton serviced the DuMont Plaintiffs' mortgage loan and that the servicing rights to the DuMont Plaintiffs' mortgage loan were transferred to Ocwen on or about September 1, 2011.

11.        Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 11 of the Complaint.  Ocwen admits that Litton serviced Plaintiff Williams's mortgage loan until approximately January 1, 2007.  Ocwen further admits that it acquired the servicing rights to Plaintiff Williams' mortgage loan in or around April 2010.  Ocwen denies the remaining allegations set forth in paragraph 11 of the Complaint.

12.        Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 12 of the Complaint.  Ocwen admits that Litton serviced Plaintiff Adili's mortgage loan and that the servicing rights to Plaintiff Adili's mortgage loan were transferred to Ocwen in or around November 2011.

13.        Ocwen admits that, as of September 1, 2011, Litton is an indirect subsidiary of Ocwen Financial Corporation ("Ocwen Financial") and that Litton is a Delaware limited partnership.  Ocwen otherwise denies the remaining allegations set forth in Paragraph 13 of the Complaint.

14.        Ocwen admits that it is a wholly-owned, indirect subsidiary of Ocwen Financial, that it is a Delaware limited liability company, and that it is in the business of servicing residential mortgage loans.  Ocwen further admits that it has a principal place of business at 1661

Worthington Road, West Palm Beach, Florida 33409.  Ocwen otherwise denies the remaining allegations set forth in Paragraph 14 of the Complaint.

15.     Ocwen admits that Ocwen Financial is the indirect parent of Ocwen and Litton, that it is incorporated under the laws of the State of Florida, and that it has a principal place of business at 2002 Summit Boulevard, Atlanta, Georgia 30319.  Ocwen denies the remaining allegations set forth in Paragraph 15 of the Complaint.  Ocwen further responds that, because Ocwen Financial Corporation has been dismissed from and is not a party to this action, in this Answer, Ocwen interprets all allegations referencing "Ocwen" generally as applying only to Defendant Ocwen Loan Servicing, LLC.  Each of Ocwen's responses to the individually numbered allegations in the Complaint is made accordingly on behalf of Ocwen Loan Servicing LLC only.

16.     Ocwen admits that Goldman Sachs Group, Inc. sold Litton to Ocwen Financial Corporation on or about September 1, 2011.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 16 of the Complaint.

### IV.     FACTUAL BACKGROUND

17.     Ocwen states that the cited document speaks for itself as to its content.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint.

18.     Ocwen states that the cited testimony speaks for itself as to its content.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint.  To the extent a further response may be required, Ocwen denies that it has engaged in any improper loan servicing activity or other improper conduct, whether the subject of the cited testimony or otherwise.

19.     Ocwen admits that the Home Affordable Modification Program ("HAMP") was created in 2009.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 19 of the Complaint.

20.     Ocwen denies the allegations set forth in the first sentence of Paragraph 20 of the Complaint.  Ocwen further states that the article cited in Paragraph 20 of the Complaint speaks for itself as to its content.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 20 of the Complaint.

21.     To the extent that the allegations set forth in Paragraph 21 of the Complaint are directed to Ocwen, Ocwen denies the allegations set forth at Paragraph 21 of the Complaint.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint.

22.     Ocwen states that the testimony quoted, but not cited, in Paragraph 22 of the Complaint speaks for itself as to its content.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint.

23.     Ocwen states that the news report and other materials referenced in Paragraph 23 of the Complaint speak for themselves as to their content.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Complaint.

24.     Ocwen states that the document cited in Paragraph 24 of the Complaint speaks for itself as to its content.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Complaint.

25.     Ocwen states that the document cited in Paragraph 25 of the Complaint speaks for itself as to its content.  To the extent that the allegations set forth in Paragraph 25 of the Complaint are directed to Ocwen, Ocwen denies the allegations set forth in Paragraph 25 of the Complaint.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 25 of the Complaint.

26.     To the extent that the allegations set forth in Paragraph 26 of the Complaint are directed to Ocwen, Ocwen denies the allegations set forth in Paragraph 26 of the Complaint. Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 26 of the Complaint.

27.     To the extent that the allegations set forth in Paragraph 27 of the Complaint are directed to Ocwen, Ocwen denies the allegations set forth in Paragraph 27 of the Complaint. Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 27 of the Complaint.

28.     Ocwen states that the testimony cited in Paragraph 28 of the Complaint speaks for itself as to its content.  To the extent that the allegations set forth in Paragraph 28 of the Complaint are directed to Ocwen, Ocwen denies the allegations set forth in Paragraph 28 of the Complaint.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 28 of the Complaint.

29.     To the extent that the allegations set forth in Paragraph 29 of the Complaint are directed to Ocwen, Ocwen denies the allegations set forth in Paragraph 29 of the Complaint. Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 29 of the Complaint.

30.     To the extent that the allegations set forth in Paragraph 30 of the Complaint are directed to Ocwen, Ocwen denies the allegations set forth in Paragraph 30 of the Complaint. Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 30 of the Complaint.

31.     Ocwen states that the U.S. Treasury report referenced in Paragraph 31 of the Complaint speaks for itself as to its content.  To the extent that the allegations set forth in Paragraph 31 of the Complaint are directed to Ocwen, Ocwen denies the allegations set forth in Paragraph 31 of the Complaint.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 31 of the Complaint.

32.     Ocwen states that the documents cited in Paragraph 32 of the Complaint speak for themselves as to their content.  Ocwen otherwise denies the allegations set forth in Paragraph 32 of the Complaint, including the allegations contained in the documents referenced therein.

33.     To the extent that the allegations set forth in Paragraph 33 of the Complaint allege any conduct by Ocwen, Ocwen denies the allegations set forth in Paragraph 33 of the Complaint. Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of the Complaint.

34.     To the extent that the allegations set forth in Paragraph 34 of the Complaint allege any conduct by Ocwen, Ocwen denies the allegations set forth in Paragraph 34 of the Complaint. Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Complaint.

35.     To the extent that the allegations set forth in Paragraph 35 of the Complaint allege any conduct by Ocwen, Ocwen denies the allegations set forth in Paragraph 35 of the Complaint.

Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of the Complaint.

36.     To the extent that the allegations set forth in Paragraph 36 of the Complaint are directed to Ocwen, Ocwen denies the allegations set forth in Paragraph 36 of the Complaint. Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of the Complaint.

### A.     Defendants' Participation in HAMP

37.     Ocwen admits the allegations set forth in Paragraph 37 of the Complaint to the extent that Ocwen executed a Servicer Participation Agreement ("Ocwen SPA") on April 16, 2009.  Ocwen further states that the document attached as Exhibit A to the Complaint speaks for itself as to its content.  Ocwen is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 37 of the Complaint.

38.     Ocwen states that the document attached as Exhibit B to the Complaint speaks for itself as to its content.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 38 of the Complaint.

39.     Ocwen states that Paragraph 39 consists of legal conclusions to which to response is required.  To the extent a response may be required, Ocwen states that the Ocwen SPA and the Litton SPA speak for themselves as to their content.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 39 of the Complaint.

40.     To the extent that the allegations set forth in Paragraph 40 of the Complaint are directed to Ocwen, Ocwen denies the allegations set forth in Paragraph 40 of the Complaint. Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 40 of the Complaint.

41.     The allegations set forth in Paragraph 41 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response may be required, Ocwen states that Supplemental Directive 09-01 ("SD 09-01") and the Making Home Affordable Program Handbook ("Handbook") speak for themselves as to their content.  To the extent a further response may be required, Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41 of the Complaint.

42.     The allegations set forth in Paragraph 42 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response may be required, Ocwen states that SD 09-01 speaks for itself as to its content.  To the extent a further response may be required, Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 of the Complaint.

43.     The allegations set forth in Paragraph 43 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response may be required, Ocwen states that SD 09-01 speaks for itself as to its content.  To the extent a further response may be required, Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43 of the Complaint.

44.     The allegations set forth in Paragraph 44 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response may be required, Ocwen states that SD 09-01 speaks for itself as to its content.  To the extent a further response may be required, Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44 of the Complaint.

45.     The allegations set forth in Paragraph 45 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response may be required, Ocwen

states that SD 09-01, as well as "HAMP regulations," speak for themselves as to their content. To the extent a further response may be required, Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45 of the Complaint.

46.     The allegations set forth in Paragraph 46 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response may be required, Ocwen states that applicable HAMP guidelines and regulations speak for themselves as to their content. To the extent a further response may be required, Ocwen denies the allegations set forth in Paragraph 46 of the Complaint.

47.     The allegations set forth in Paragraph 47 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response may be required, Ocwen states that SD 09-01 and the Handbook speak for themselves as to their content.  To the extent a further response may be required, Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 47 of the Complaint.

48.     The allegations set forth in Paragraph 48 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response may be required, Ocwen states that SD 09-07, SD 10-02, and the Handbook speak for themselves as to their content.  To the extent a further response may be required, Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 48 of the Complaint.

49.     The allegations set forth in Paragraph 49 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response may be required, Ocwen states that the Ocwen SPA, Litton SPA, "HAMP guidelines," SDs, and Handbook speak for

themselves as to their content.  To the extent a further response may be required, Ocwen denies the allegations set forth in Paragraph 49 of the Complaint.

50.     The allegations set forth in Paragraph 50 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response may be required, Ocwen states that the Handbook speaks for itself as to its content.  To the extent a further response may be required, Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 50 of the Complaint.

51.     The allegations set forth in Paragraph 51 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response may be required, Ocwen states that SD 09-01 and the Handbook speak for themselves as to their content.  To the extent a further response may be required, Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 51 of the Complaint.

52.     To the extent that the allegations set forth in Paragraph 52 of the Complaint are directed to Ocwen, Ocwen denies the allegations set forth in Paragraph 52 of the Complaint. Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 52 of the Complaint.

53.     The allegations set forth in Paragraph 53 are directed at Litton and, accordingly, no response is required by Ocwen.  To the extent a response may be required, Ocwen states that the allegations set forth in Paragraph 53 of the Complaint consist of legal conclusions to which no response is required.  To the extent a further response may be required, Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 53 of the Complaint.

**B.      Defendants Benefit from Extracting as Much As Possible in Fees from Distressed Mortgagors**

54.      Ocwen denies the allegations set forth in Paragraph 54 of the Complaint.

55.      Ocwen denies the allegations set forth in Paragraph 55 of the Complaint.

56.      Ocwen states that the report quoted and cited in Paragraph 56 of the Complaint speaks for itself as to its content.  To the extent that the allegations set forth in Paragraph 56 of the Complaint are directed to Ocwen, Ocwen denies the allegations set forth in Paragraph 56 of the Complaint.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 56 of the Complaint.

57.      Ocwen states that the articles cited in Paragraph 57 of the Complaint speak for themselves as to their content.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 57 of the Complaint.

58.      Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 58 of the Complaint.

59.      Ocwen states that the Consent Order referenced in Paragraph 59 of the Complaint and attached to the Complaint as Exhibit C and the press release referenced in Paragraph 59 of the Complaint speak for themselves as to their content.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 59 of the Complaint.

60.      Ocwen states that the MSP Agreement referenced in Paragraph 60 of the Complaint and attached to the Complaint as Exhibit D speaks for itself as to its content.  Ocwen further states that the allegations regarding interpretation of the MSP Agreement are legal conclusions to which no response is required.  To the extent a response may be required, Ocwen

is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 60 of the Complaint.

61.     Ocwen states that the NY Consent Order referenced in Paragraph 61 of the Complaint and attached to the Complaint as Exhibit E speaks for itself as to its content.  Ocwen otherwise denies the allegations set forth in Paragraph 61 of the Complaint.

62.     Ocwen states that the NY Consent Order referenced in Paragraph 62 of the Complaint and attached to the Complaint as Exhibit E speaks for itself as to its content.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 62 of the Complaint.

63.     Ocwen states that the press release quoted in Paragraph 63 of the Complaint speaks for itself as to its content.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 63 of the Complaint.

64.     Ocwen states that the Consent Judgment referenced in Paragraph 64 of the Complaint and attached to the Complaint as Exhibit F speaks for itself as to its content.  Ocwen further states that the allegations regarding interpretation of the Consent Judgment are legal conclusions to which no response is required.  To the extent a response may be required, Ocwen denies the allegations set forth in Paragraph 64 of the Complaint.

65.     Ocwen states that the Form 10-Q referenced in Paragraph 65 of the Complaint speaks for itself as to its content.  Ocwen otherwise denies the allegations set forth in Paragraph 65 of the Complaint.

C.      **The DuMont Plaintiffs**

      1.      **The DuMont Plaintiffs' Relationship with Litton and Litton's Deceptive Denial Sweep Misconduct**

66.      The allegations set forth in Paragraph 66 of the Complaint are directed to Litton and relate to claims that have been dismissed and are no longer a part of this action, and thus no response is required by Ocwen.  To the extent a response may be required, Ocwen admits that the DuMont Plaintiffs submitted a HAMP application to Litton on or around July 19, 2010 and that the DuMont Plaintiffs and Litton engaged in certain telephone conversations and written correspondence thereafter.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 66 of the Complaint.

67.      The allegations set forth in Paragraph 67 of the Complaint are directed to Litton and relate to claims that have been dismissed and are no longer a part of this action, and thus no response is required by Ocwen.  To the extent a response may be required, Ocwen admits that Litton sent the DuMont Plaintiffs a HAMP denial letter dated May 23, 2011, reflecting that the denial of the DuMont Plaintiffs' HAMP application.  Ocwen further states that the letter dated May 23, 2011 speaks for itself as to its content.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 67 of the Complaint.

68.      The allegations set forth in Paragraph 68 of the Complaint are directed to Litton and relate to claims that have been dismissed and are no longer a part of this action, and thus no response is required by Ocwen.  To the extent a response may be required, Ocwen admits that the DuMont Plaintiffs sent Litton an email dated May 28, 2011.  Ocwen further states that the May 28, 2011 email speaks for itself as to its content.  Ocwen is otherwise without knowledge or

information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 68 of the Complaint.

69.     The allegations set forth in Paragraph 69 of the Complaint are directed to Litton and relate to claims that have been dismissed and are no longer a part of this action, and thus no response is required by Ocwen.  To the extent a response may be required, Ocwen admits that Litton sent the DuMont Plaintiffs a HAMP denial letter dated June 10, 2011, reflecting the denial of the DuMont Plaintiffs' HAMP application.  Ocwen further states that the June 10, 2011 letter speaks for itself as to its content.  Ocwen is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 69 of the Complaint.

70.     The allegations set forth in Paragraph 70 of the Complaint are directed to Litton and relate to claims that have been dismissed and are no longer a part of this action, and thus no response is required by Ocwen.  To the extent a response may be required, Ocwen admits that Litton received a letter from the DuMonts dated June 20, 2011.  Ocwen states that the June 20, 2011 letter, including the text quoted in Paragraph 70, speaks for itself as to its content.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 70 of the Complaint.

71.     The allegations set forth in Paragraph 71 of the Complaint are directed to Litton and relate to claims that have been dismissed and are no longer a part of this action, and thus no response is required by Ocwen.  To the extent a response may be required, Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 71 of the Complaint.

72.     The allegations set forth in Paragraph 72 of the Complaint are directed to Litton and relate to claims that have been dismissed and are no longer a part of this action, and thus no

response is required by Ocwen.  To the extent a response may be required, Ocwen denies the allegations set forth in Paragraph 72 of the Complaint.

73.     The allegations set forth in Paragraph 73 of the Complaint are directed to Litton and relate to claims that have been dismissed and are no longer a part of this action, and thus no response is required by Ocwen.  To the extent a response may be required, Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 73 of the Complaint.

### 2.     The DuMont Plaintiffs' TPP Agreement

74.     Ocwen admits that Litton sent the DuMont Plaintiffs a letter dated June 24, 2011, which letter enclosed  a non-HAMP trial period plan.  Ocwen states that the June 24, 2011 letter and the non-HAMP TPP speak for themselves as to their content.    Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 74 of the Complaint.

75.     Ocwen admits that Litton received payments from the DuMont Plaintiffs in the amounts of $1,083.77 and $218.01, on or about July 5, 2011 and July 15, 2011, respectively. Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 75 of the Complaint.

76.     Ocwen admits that Litton received a letter from the DuMont Plaintiffs dated July 18, 2011.  Ocwen further states that the July 18, 2011 letter speaks for itself as to its content. Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 76 of the Complaint.

77.     Ocwen admits that the DuMont Plaintiffs had certain telephone conversations with representatives of Litton on or around July 25, 2011, and that a Litton representative confirmed that a payment had been received.  Ocwen is without knowledge or information

sufficient to form a belief as to the truth of the allegations set forth in Paragraph 77 of the Complaint.

78.     Ocwen admits that Litton sent the DuMont Plaintiffs a letter dated August 15, 2011, informing the DuMont Plaintiffs that, as of September 1, 2011, the servicing rights to their loan were being transferred to Ocwen.  Ocwen further states that the August 15, 2011 letter speaks for itself as to its content.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 78 of the Complaint.

### 3.     Ocwen Loan's Deceptive Misconduct with the DuMont Plaintiffs

79.     The allegations set forth in Paragraph 79 of the Complaint consistent of legal conclusions to which no response is required.  To the extent a response may be required, Ocwen denies the allegations set forth in Paragraph 79 of the Complaint.

80.     Ocwen admits that it sent the DuMont Plaintiffs a notice of default dated October 18, 2011.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 80 of the Complaint.

81.     Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 81 of the Complaint.

82.     Ocwen admits that the DuMont Plaintiffs had certain telephone conversations with representatives of Ocwen on or around November 1, 2011.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 82 of the Complaint.

83.     Ocwen admits that it sent the DuMont Plaintiffs a non-HAMP loan modification agreement in or around October 2011.  Ocwen states that the loan modification agreement speaks for itself as to its content.  Ocwen further states that the interpretation of the non-HAMP loan

modification agreement is a legal conclusion to which no response is required.  To the extent a further response is required, Ocwen is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 83 of the Complaint.

84.    Ocwen admits that it received a letter dated November 11, 2011 from the DuMont Plaintiffs, which letter enclosed a copy of the non-HAMP loan modification agreement executed by the DuMont Plaintiffs.  Ocwen further states that the letter and the non-HAMP loan modification agreement speak for themselves as to their content.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 84 of the Complaint.

85.    Ocwen admits that it received a letter dated November 11, 2011 from the DuMont Plaintiffs.  Ocwen further states that the November 11, 2011 letter speaks for itself as to its content.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 85 of the Complaint.

### 4.    Ocwen Loan's Breach of the TPP Agreement

86.    Ocwen admits that it sent the DuMont Plaintiffs a letter dated December 7, 2011. Ocwen states that the December 7, 2011 letter speaks for itself as to its content.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 86 of the Complaint.

87.    Ocwen denies the allegations set forth in Paragraph 87 of the Complaint.

88.    Ocwen admits that the DuMont Plaintiffs had certain telephone conversations with representatives of Ocwen on or around December 23, 2011.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 88 of the Complaint.

89.     Ocwen admits that it received a payment from the DuMont Plaintiffs in the amount of $1,215.23 on or about December 26, 2011.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 89 of the Complaint.

90.     Ocwen admits that the DuMont Plaintiffs had certain telephone conversations with representatives of Ocwen on or around January 3, 2012 and that an Ocwen representative indicated that Ocwen was reviewing the DuMont Plaintiffs' account.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 90 of the Complaint.

91.     Ocwen admits that it received a payment from the DuMont Plaintiffs in the amount of $1,215.23 on or about January 10, 2012.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 91 of the Complaint.

92.     Ocwen admits that the DuMont Plaintiffs had certain telephone conversations with representatives of Ocwen on or around January 12, 2012 and that their loan account's status was discussed during those telephone conversations.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 92 of the Complaint.

93.     Ocwen admits that it sent the DuMont Plaintiffs a letter dated January 10, 2012.  Ocwen states that the January 10, 2012 letter speaks for itself as to its content.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 93 of the Complaint.

94.     Ocwen admits that the DuMont Plaintiffs had certain telephone conversations with representatives of Ocwen on or around January 26, 2012.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 94 of the Complaint.

95.     Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 95 of the Complaint.

96.     Ocwen admits that it sent the DuMont Plaintiffs a letter dated January 25, 2012.  Ocwen states that the January 25, 2012 letter referenced in Paragraph 96 of the Complaint speaks for itself as to its content.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 96 of the Complaint.

97.     Ocwen admits that the DuMont Plaintiffs had certain telephone conversations with representatives of Ocwen on or around February 8, 2012, and that the DuMont Plaintiffs were told to send in a payment via certified funds.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 97 of the Complaint.

98.     Ocwen admits that it received a payment from the DuMonts in the amount of $1,251.23 in or around early February 2012.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 98 of the Complaint.

99.     Ocwen admits that the DuMont Plaintiffs had certain telephone conversations with representatives of Ocwen on or around February 15, 2012, and that the DuMont Plaintiffs were told to call back to check on the account status.  Ocwen is otherwise without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 99 of the Complaint.

100.    Ocwen admits that the DuMont Plaintiffs had certain telephone conversations with representatives of Ocwen on or around February 22, 2012.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 100 of the Complaint.

101.    Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 101 of the Complaint.

102.    Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 102 of the Complaint.

103.    Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 103 of the Complaint.

104.    Ocwen admits that the DuMont Plaintiffs had certain telephone conversations with representatives of Ocwen on or around March 8, 2012.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 104 of the Complaint.

105.    Ocwen admits that the DuMont Plaintiffs had certain telephone conversations with representatives of Ocwen on or around March 15, 2012.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 105 of the Complaint.

106.    Ocwen admits that the DuMont Plaintiffs had certain telephone conversations with representatives of Ocwen on or around April 3, 2012.  Ocwen is otherwise without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 106 of the Complaint.

107.    Ocwen admits that it received a letter via certified mail from the DuMont Plaintiffs, dated April 3, 2012.  Ocwen states that the April 3, 2012 letter speaks for itself as to its content.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 107 of the Complaint.

108.    Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 108 of the Complaint.

109.    Ocwen admits that the DuMont Plaintiffs had certain telephone conversations with representatives of Ocwen on or around April 20, 2012.  Ocwen denies the characterization of any statements made by its representatives as "false."  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 109 of the Complaint.

110.    Ocwen admits that it sent the DuMont Plaintiffs a letter dated April 23, 2012. Ocwen states that the April 23, 2012 letter referenced in Paragraph 110 of the Complaint speaks for itself as to its content.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 110 of the Complaint.

111.    Ocwen admits that it sent the DuMont Plaintiffs a letter dated May 4, 2012. Ocwen states that the May 4, 2012 letter speaks for itself as to its content.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 111 of the Complaint.

112.    Ocwen admits that it received a payment from the DuMont Plaintiffs in the amount of $7,507.38 on or about May 25, 2012.  Ocwen is otherwise without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 112 of the Complaint.

113.    Ocwen admits that it sent the DuMont Plaintiffs a letter dated June 23, 2012. Ocwen states that the June 23, 2012 letter referenced in Paragraph 113 of the Complaint speaks for itself as to its content.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 113 of the Complaint.

114.    Ocwen denies the allegations set forth in Paragraph 114 of the Complaint.

> **5.    The DuMont Plaintiffs Were Damaged as a Result of Ocwen Loan's Breach of the TPP Agreement**

115.    Ocwen denies the allegations set forth in Paragraph 115 of the Complaint.

116.    Ocwen denies the allegations set forth in Paragraph 116 of the Complaint.

117.    Ocwen denies the allegations set forth in Paragraph 117 of the Complaint.

118.    Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 118 of the Complaint.

119.    Ocwen denies the allegations set forth in Paragraph 119 of the Complaint.

**D.    Plaintiff Williams' Alternative Modified Contract**

120.    Ocwen admits that, on or about October 13, 2006, Plaintiff Williams obtained a Note secured by a Mortgage on her property located at 55 Madison Street, Brooklyn, New York 11238.  The Note and Mortgage referenced in Paragraph 120 of the Complaint speak for themselves as to their content.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 120 of the Complaint.

121.    Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 121 of the Complaint.

122.    The allegations set forth in Paragraph 122 of the Complaint consist of a legal conclusion to which no response is required.  To the extent a response may be required, Ocwen admits that Plaintiff Williams was in default of her mortgage loan in or around April 2010.  To the extent a further response may be required, Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 122 of the Complaint.

123.    Ocwen admits that the servicing rights to Plaintiff Williams' loan was transferred to Ocwen in or around April 2010 and that Plaintiff Williams' loan was in default at the time of the transfer of the servicing rights to Ocwen.  Ocwen otherwise denies the remaining allegations set forth in Paragraph 123 of the Complaint.

124.    Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 124 of the Complaint.

125.    Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 125 of the Complaint.

126.    Ocwen admits that Plaintiff Williams had certain telephone conversations with representatives of Ocwen in or around October 2010.  Ocwen is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 126 of the Complaint.

127.    Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 127 of the Complaint.

### 1.    Plaintiff Williams and Ocwen Loan Entered into an Alternative Modification Agreement

128.    Ocwen admits that it sent correspondence dated November 29, 2010, which contained a loan modification agreement, to Plaintiff Williams.  Ocwen further states that the

correspondence and loan modification agreement dated November 29, 2010 and referenced in Paragraph 128 of the Complaint speak for themselves as to their content. Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 128 of the Complaint.

129.    Ocwen admits that it received a copy of the loan modification agreement executed by Plaintiff Williams and that it received a payment in the amount of $2,009.11 in connection with Plaintiff Williams's mortgage loan on or about December 9, 2010. Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 129 of the Complaint.

### 2.    Ocwen Loan's Breach of the Alternative Modification Agreement and Deceptive Misconduct

130.    Ocwen admits that it sent a statement to Plaintiff Williams dated December 31, 2010. Ocwen further states that the December 31, 2010 statement speaks for itself as to its content. Ocwen otherwise denies the remaining allegations set forth in Paragraph 130 of the Complaint.

131.    Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 131 of the Complaint.

132.    Ocwen admits that it received a payment in the amount of $2,009.11 from Plaintiff Williams on or about December 31, 2010. Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 132 of the Complaint.

133.    Ocwen admits that it sent Plaintiff Williams an Annual Escrow Account Disclosure Statement, dated January 7, 2011. Ocwen states that the January 7, 2011 Annual Escrow Account Disclosure Statement speaks for itself as to its content. Ocwen is otherwise

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 133 of the Complaint.

134.    Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 134 of the Complaint.

135.    Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 135 of the Complaint.

136.    Ocwen admits that it received a payment in the amount of $2,009.11 from Plaintiff Williams on or about February 1, 2011.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 136 of the Complaint.

137.    Ocwen admits that Plaintiff Williams had certain telephone conversations with representatives of Ocwen in or around February 2011.  Ocwen further admits that it sent Plaintiff Williams a statement dated February 1, 2011.  Ocwen states that the February 1, 2011 statement speaks for itself as to its content.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 137 of the Complaint.

138.    Ocwen admits that it received a payment in the amount of $2,009.11 from Plaintiff Williams on or about March 10, 2011.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 138 of the Complaint.

139.    Ocwen admits that it sent Plaintiff Williams an account statement dated March 10, 2011.  Ocwen states that the March 10, 2011 account statement referenced in Paragraph 139 of the Complaint speaks for itself as to its content.  Ocwen is otherwise without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 139 of the Complaint.

140.     Ocwen admits that it received a payment in the amount of $2,009.11 from Plaintiff Williams on or about April 11, 2011.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 140 of the Complaint.

141.     Ocwen admits that it sent to Plaintiff Williams an Annual Escrow Account Disclosure dated March 24, 2011.  Ocwen further states that the March 24, 2011 Annual Escrow Account Disclosure referenced in Paragraph 141 of the Complaint speaks for itself as to its content.  Ocwen further admits that it sent Plaintiff Williams an account statement dated April 11, 2011.  Ocwen states that the April 11, 2011 account statement referenced in Paragraph 141 of the Complaint speaks for itself as to its content.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 141 of the Complaint.

142.     Ocwen admits that Plaintiff Williams had certain telephone conversations with representatives of Ocwen on or about April 21, 2011.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 142 of the Complaint.

143.     Ocwen admits that it received a payment in the amount of $950.26 from Plaintiff Williams on or about May 3, 2011.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 143 of the Complaint.

144.    Ocwen admits that it received a payment in the amount of $2,009.11 from Plaintiff Williams on or about May 9, 2011.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 144 of the Complaint.

145.    Ocwen admits that it sent Plaintiff Williams an account statement dated May 17, 2011.  Ocwen states that the May 17, 2011 account statement referenced in Paragraph 145 of the Complaint speaks for itself as to its content.  Ocwen otherwise denies the remaining allegations set forth in Paragraph 145 of the Complaint.

146.    Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 146 of the Complaint.

147.    Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 147 of the Complaint.

148.    Ocwen admits that it received a payment in the amount of $2,009.11 from Plaintiff Williams on or about June 9, 2011.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 148 of the Complaint.

149.    Ocwen admits that it sent Plaintiff Williams a letter dated June 1, 2011.  Ocwen states that the June 1, 2011 letter speaks for itself as to its content.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 149 of the Complaint.

150.    Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 150 of the Complaint.

151.    Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 151 of the Complaint.

152.    Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 152 of the Complaint.

153.    Ocwen admits that Plaintiff Williams had certain telephone conversations with representatives of Ocwen in or around June 2011.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 153 of the Complaint.

154.    Ocwen admits that it sent Plaintiff Williams a letter dated August 17, 2011.  Ocwen states that the August 17, 2011 letter speaks for itself as to its content.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 154 of the Complaint.

155.    Ocwen admits that Plaintiff Williams had certain telephone conversations with representatives of Ocwen during the time period between July 2011 and January 2012. Ocwen further admits that it sent Plaintiff Williams certain account statements related to her mortgage loan between July 2011 and January 2012.  Ocwen states that the account statements referenced in Paragraph 155 of the Complaint speak for themselves as to their content.  Ocwen admits that Plaintiff Williams paid a certified mail fee in the amount of $6.53.  Ocwen otherwise denies the remaining allegations set forth in Paragraph 155 of the Complaint.

156.    Ocwen admits that it received a payment in the amount of $2,009.11 from Plaintiff Williams on or about August 5, 2011.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 156 of the Complaint.

### 3.   Plaintiff Williams Was Damaged by Ocwen Loan's Breach of Contract and Deceptive Conduct

157.    Ocwen admits that Plaintiff Williams had certain telephone conversations with representatives of Ocwen in or around September 2011.  Ocwen denies the allegation that any statements or comments made by Ocwen to any credit reporting agencies related to Plaintiff Williams' loan were "false."  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 157 of the Complaint.

158.    Ocwen admits that Plaintiff Williams had certain telephone conversations with representatives of Ocwen in or around October and November of 2011.  Ocwen admits that it submitted requests to the relevant credit reporting agencies to address the disputed credit report allegedly associated with Plaintiff Williams' loan.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 158 of the Complaint.

159.    Ocwen admits that Plaintiff Williams had certain telephone conversations with representatives of Ocwen on or about December 9, 2011 regarding her complaints regarding credit reporting.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 159 of the Complaint.

160.    Ocwen admits that Plaintiff Williams had certain telephone conversations with representatives of Ocwen on or about January 2, 2012 regarding credit reporting.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 160 of the Complaint.

161.    Ocwen admits that Plaintiff Williams had certain telephone conversations with representatives of Ocwen on or about January 18, 2012.  Ocwen further admits that it received a

letter from Plaintiff Williams dated January 18, 2012 regarding credit reporting.  Ocwen states that the January 18, 2012 letter speaks for itself as to its content.  Ocwen denies the allegation that any statements or reporting made by Ocwen to any credit reporting agencies related to Plaintiff Williams' loan were "false."  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 161 of the Complaint.

162.    Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 162 of the Complaint.

163.    Ocwen admits that Plaintiff Williams had certain telephone conversations with representatives of Ocwen on or about January 27, 2012.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 163 of the Complaint.

164.    Ocwen admits that Plaintiff Williams had certain telephone conversations with representatives of Ocwen on or about January 27, 2012.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 164 of the Complaint.

165.    Ocwen admits that it sent the Department of Financial Services a letter dated February 13, 2012 concerning to Plaintiff Williams' loan.  Ocwen states that the February 13, 2012 letter speaks for itself as to its content.  Ocwen denies that it "conceded" any information in the February 13, 2012 letter.  Ocwen further admits that it submitted requests to the credit reporting agencies requesting the deletion of the disputed credit reporting as to Plaintiff Williams' loan.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 165 of the Complaint.

166.    Ocwen denies the allegation that any statements or reporting made by Ocwen to any credit reporting agencies related to Plaintiff Williams' loan were "falsely reported." Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 166 of the Complaint.

167.    Ocwen denies the allegations set forth in Paragraph 167 of the Complaint.

168.    Ocwen denies the allegations set forth in Paragraph 168 of the Complaint.

**E.      Plaintiff Adili**

**1.      Litton's Wrongful and Deceptive Denials of Plaintiff Adili's HAMP Application in a "Denial Sweep"**

169.    The allegations set forth in Paragraph 169 of the Complaint are directed to Litton and thus no response is required by Ocwen. To the extent a response may be required, Ocwen admits that, in or around January 2009, Plaintiff Adili was past due on his monthly mortgage payments. Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 169 of the Complaint.

170.    The allegations set forth in Paragraph 170 of the Complaint are directed to Litton and thus no response is required by Ocwen. To the extent a response may be required, Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 170 of the Complaint.

171.    The allegations set forth in Paragraph 171 of the Complaint are directed to Litton and thus no response is required by Ocwen. To the extent a response may be required, Ocwen admits that Litton received a fax from Plaintiff Adili dated April 21, 2010, which references Plaintiff Adili's HAMP application package. Ocwen further states that the April 21, 2010 fax speaks for itself as to its content. Ocwen is otherwise without knowledge or information

sufficient to form a belief as to the truth of the allegations set forth in Paragraph 171 of the Complaint.

172.    The allegations set forth in Paragraph 172 of the Complaint are directed to Litton and thus no response is required by Ocwen.  To the extent a response may be required, Ocwen admits that Litton sent Plaintiff Adili a letter dated May 10, 2010 relating to Plaintiff Adili's HAMP application.  Ocwen further states that the May 10, 2010 letter speaks for itself as to its content.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 172 of the Complaint.

173.    The allegations set forth in Paragraph 173 of the Complaint are directed to Litton and thus no response is required by Ocwen.  To the extent a response may be required, Ocwen is without knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 173 of the Complaint.

174.    The allegations set forth in Paragraph 174 of the Complaint are directed to Litton and thus no response is required by Ocwen.  To the extent a response may be required, Ocwen admits that Litton sent Plaintiff Adili a letter dated May 25, 2010.  Ocwen further states that the May 25, 2010 letter speaks for itself as to its content.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 174 of the Complaint.

175.    The allegations set forth in Paragraph 175 of the Complaint are directed to Litton and thus no response is required by Ocwen.  To the extent a response may be required, Ocwen admits that Litton sent Plaintiff Adili certain correspondence in or around May and June 2010.  Ocwen further states that the referenced correspondence speaks for itself as to its content.

Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 175 of the Complaint.

176.    The allegations set forth in Paragraph 176 of the Complaint are directed to Litton and thus no response is required by Ocwen.  To the extent a response may be required, Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 176 of the Complaint.

177.    The allegations set forth in Paragraph 177 of the Complaint are directed to Litton and thus no response is required by Ocwen.  To the extent a response may be required, Ocwen admits that Litton sent Plaintiff Adili a letter dated June 2, 2010.  Ocwen further states that the June 2, 2010 letter speaks for itself as to its content.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 177 of the Complaint.

178.    The allegations set forth in Paragraph 178 of the Complaint are directed to Litton and thus no response is required by Ocwen.  To the extent a response may be required, Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 178 of the Complaint.

179.    The allegations set forth in Paragraph 179 of the Complaint are directed to Litton and thus no response is required by Ocwen.  To the extent a response may be required, Ocwen admits that Litton sent Plaintiff Adili a letter dated June 21, 2010.  Ocwen further states that the June 21, 2010 letter speaks for itself as to its content.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 179 of the Complaint.

180.    The allegations set forth in Paragraph 180 of the Complaint are directed to Litton and thus no response is required by Ocwen.  To the extent a response may be required, Ocwen admits that Litton sent Plaintiff Adili a letter dated July 2, 2010.  Ocwen further states that the July 2, 2010 letter speaks for itself as to its content.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 180 of the Complaint.

181.    The allegations set forth in Paragraph 181 of the Complaint are directed to Litton and thus no response is required by Ocwen.  To the extent a response may be required, Ocwen is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 181 of the Complaint.

182.    The allegations set forth in Paragraph 182 of the Complaint are directed to Litton and thus no response is required by Ocwen.  To the extent a response may be required, Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 182 of the Complaint.

183.    The allegations set forth in Paragraph 183 of the Complaint are directed to Litton and thus no response is required by Ocwen.  To the extent a response may be required, Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 183 of the Complaint.

184.    The allegations set forth in Paragraph 184 of the Complaint are directed to Litton and thus no response is required by Ocwen.  To the extent a response may be required, Ocwen admits that Litton sent Plaintiff Adili a letter dated August 25, 2010.  Ocwen further states that the August 25, 2010 letter speaks for itself as to its content.  Ocwen is otherwise without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 184 of the Complaint.

185.    The allegations set forth in Paragraph 185 of the Complaint are directed to Litton and thus no response is required by Ocwen.  To the extent a response may be required, Ocwen admits that Litton sent Plaintiff Adili a letter dated August 30, 2010.  Ocwen further states that the August 30, 2010 letter speaks for itself as to its content.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 185 of the Complaint.

186.    The allegations set forth in Paragraph 186 of the Complaint are directed to Litton and thus no response is required by Ocwen.  To the extent a response may be required, Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 186 of the Complaint.

187.    The allegations set forth in Paragraph 187 of the Complaint are directed to Litton and thus no response is required by Ocwen.  To the extent a response may be required, Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 187 of the Complaint.

188.    The allegations set forth in Paragraph 188 of the Complaint are directed to Litton and thus no response is required by Ocwen.  To the extent a response may be required, Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 188 of the Complaint.

189.    The allegations set forth in Paragraph 189 of the Complaint are directed to Litton and thus no response is required by Ocwen.  To the extent a response may be required, Ocwen denies the allegations set forth in Paragraph 189 of the Complaint.

### 2. Ocwen Loan's Unfair and Deceptive Conduct and Breach of Contract with Respect to Plaintiff Adili's Loan

190.    Ocwen admits that Litton sent Plaintiff Adili a letter, dated October 14, 2011, stating that servicing rights to Plaintiff Adili's loan were being transferred to Ocwen effective November 1, 2011.  Ocwen further states that the October 14, 2011 letter speaks for itself as to its content.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 190 of the Complaint.

191.    Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 191 of the Complaint.

192.    Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 192 of the Complaint.

### a. Ocwen Loan's TPP Contract with Plaintiff Adili

193.    Ocwen admits that it sent a TPP to Plaintiff Adili dated September 4, 2012. Ocwen further states that the September 4, 2012 TPP referenced in Paragraph 193 of the Complaint speaks for itself as to its content.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 193 of the Complaint.

194.    The allegations set forth in Paragraph 194 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response may be required, Ocwen states that the September 4, 2012 TPP referenced in Paragraph 194 of the Complaint speaks for itself as to its content.  To the extent a further response may be required, Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 194 of the Complaint.

195.     Ocwen admits that it sent a letter dated October 9, 2012 and a permanent HAMP loan modification agreement to Plaintiff Adili on or about October 9, 2012.  Ocwen states that the October 9, 2012 letter and the permanent HAMP loan modification agreement speak for themselves as to their content.  Ocwen further admits that it received a payment in the amount of $1,604.50 from Plaintiff Adili on or about September 29, 2012.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 195 of the Complaint.

196.     The allegations set forth in Paragraph 196 of the Complaint consist of legal conclusions to which no response is required.  To the extent a response may be required, Ocwen states that the HAMP modification agreement speaks for itself as to its content.  To the extent a further response is required, Ocwen denies the characterization and interpretation of the HAMP modification agreement alleged in Paragraph 196 of the Complaint.

197.     Ocwen admits that it received a HAMP modification agreement, which was executed by Plaintiff Adili on or about December 24, 2012.  Ocwen further admits that it received payments from Plaintiff Adili in the amount of $1,604.50 on or about October 31, 2012 and November 28, 2012.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 197 of the Complaint.

198.     Ocwen admits that it received a payment from Plaintiff Adili in the amount of $1,604.50 on or about January 15, 2013.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 198 of the Complaint.

199.    Ocwen admits that it sent Plaintiff Adili a letter dated January 17, 2013.  Ocwen states that the January 17, 2013 letter speaks for itself as to its content.

> **b.      Ocwen Loan's Breach of its TPP Agreement with Plaintiff Adili and Resulting Damages**

200.    Ocwen denies the allegations set forth in Paragraph 200 of the Complaint.

201.    Ocwen admits it sent a letter to Plaintiff Adili on or about February 1, 2013. Ocwen states that the letter referenced in Paragraph 201 of the Complaint speaks for itself as to its content.  Ocwen otherwise denies the allegations set forth in Paragraph 201 of the Complaint.

202.    Ocwen admits that Plaintiff Adili had certain telephone conversations with representatives of Ocwen on or about February 19, 2013.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 202 of the Complaint.

203.    Ocwen admits that Plaintiff Adili had certain telephone conversations with representatives of Ocwen on or about February 19, 2013.  Ocwen is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 203 of the Complaint.

204.    Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 204 of the Complaint.

205.    Ocwen denies the allegations set forth in Paragraph 205 of the Complaint.

206.    Ocwen denies the allegations set forth in Paragraph 206 of the Complaint.

207.    Ocwen denies the allegations set forth in Paragraph 207 of the Complaint.

208.    Ocwen admits that it provided Plaintiff Adili, through his litigation counsel, a fully-executed copy of the HAMP modification contract regarding his mortgage loan and that, in or around May 2013, it received payments from Plaintiff Adili to satisfy his loan payments due

for the months of January through May 2013.  Ocwen further admits that, in or around May 2013, Ocwen waived all late fees or other fees assessed to Plaintiff Adili's loan during the period of January 2013 through May 2013.  Ocwen otherwise denies the remaining allegations, set forth in Paragraph 208 of the Complaint, and denies the allegations Plaintiff Adili has suffered damages, .

209.    Ocwen denies the allegations set forth in Paragraph 209 of the Complaint.

## V.      CLASS ALLEGATIONS

210.    Ocwen incorporates by reference its responses to Paragraphs 1 through 209 of the Complaint as if fully set forth herein.

211.    The allegations set forth in Paragraph 211 of the Complaint, inclusive of subsections (a) through (c), consist of Plaintiffs' characterization of this action, Plaintiffs' proposed class definition, and legal conclusions to which no response is required.  To the extent that a response may be required, Ocwen denies the allegations set forth in Paragraph 211 of the Complaint.

212.    The allegations set forth in Paragraph 212 of the Complaint consist of Plaintiffs' proposed class definition to which no response is required.  To the extent that a response may be required, Ocwen denies the allegations set forth in Paragraph 212 of the Complaint.

213.    The allegations set forth in Paragraph 213 of the Complaint consist of Plaintiffs' characterization of this action, Plaintiffs' proposed class definition, and legal conclusions to which no response is required.  To the extent that a response may be required, Ocwen denies the allegations set forth in Paragraph 213 of the Complaint.

214.    The allegations set forth in Paragraph 214 of the Complaint consist of Plaintiffs' characterization of this action and legal conclusions to which no response is required.  To the extent that a response may be required, Ocwen denies the allegations set forth in Paragraph 214

of the Complaint, including the allegations set forth in subparagraphs (a) through (f) of Paragraph 214.

215.     Ocwen denies the allegations set forth in Paragraph 215 of the Complaint.

216.     The allegations set forth in Paragraph 216 of the Complaint consist of Plaintiffs' characterization of this action and legal conclusions to which no response is required.  To the extent that a response may be required, Ocwen denies the allegations set forth in Paragraph 216 of the Complaint.

217.     The allegations set forth in Paragraph 217 of the Complaint consist of Plaintiffs' characterization of this action and legal conclusions to which no response is required.  To the extent that a response may be required, Ocwen denies the allegations set forth in Paragraph 217 of the Complaint.

218.     The allegations set forth in Paragraph 218 of the Complaint consist of Plaintiffs' characterization of this action and legal conclusions to which no response is required.  To the extent that a response may be required, Ocwen denies the allegations set forth in Paragraph 218 of the Complaint.

219.     The allegations set forth in Paragraph 219 of the Complaint consist of legal conclusions to which no response is required.  To the extent that a response may be required, Ocwen denies the allegations set forth in Paragraph 219 of the Complaint.

220.     The allegations set forth in Paragraph 220 of the Complaint consistent of legal conclusions to which no response is required.  To the extent a response may be required, Ocwen denies the allegations set forth in Paragraph 220 of the Complaint.

221.    The allegations set forth in Paragraph 221 of the Complaint consist of legal conclusions to which no response is required.  To the extent that a response may be required, Ocwen denies the allegations set forth in Paragraph 221 of the Complaint.

## COUNT I

## BREACH OF CONTRACT/BREACH OF DUTY
## OF GOOD FAITH AND FAIR DEALING

### *(as to Ocwen Loan)*

222.    Ocwen incorporates by reference its responses to Paragraphs 1 through 221 of the Complaint as if fully set forth herein.

223.    The allegations set forth in Paragraph 223 of the Complaint consist of Plaintiffs' characterization of this claim, to which no response is required.  To the extent that a response may be required, Ocwen denies the allegations set forth in Paragraph 223 of the Complaint.

224.    The allegations set forth in Paragraph 224 of the Complaint consist of legal conclusions to which no response is required.  To the extent that a response may be required, Ocwen denies the allegations set forth in Paragraph 224 of the Complaint.

225.    The allegations set forth in Paragraph 225 of the Complaint consist of legal conclusions to which no response is required.  To the extent that a response may be required, Ocwen denies the allegations set forth in Paragraph 225 of the Complaint.

226.    The allegations set forth in Paragraph 226 of the Complaint consist of legal conclusions to which no response is required.  To the extent that a response may be required, Ocwen denies the allegations set forth in Paragraph 226 of the Complaint.

227.    Ocwen denies the allegations set forth in Paragraph 227 of the Complaint.

228.    Ocwen denies the allegations set forth in Paragraph 228 of the Complaint.

229.    Ocwen denies the allegations set forth in Paragraph 229 of the Complaint.

230.     Ocwen denies the allegations set forth in Paragraph 230 of the Complaint.

## COUNT II

## VIOLATIONS OF THE NEW YORK GENERAL BUSINESS LAW §349

### *(as to Ocwen Loan)*

231.     Ocwen incorporates by reference its responses to Paragraphs 1 through 230 of the Complaint as if fully set forth herein.

232.     The allegations set forth in Paragraph 232 of the Complaint consist of Plaintiffs' characterization of this claim, to which no response is required.  To the extent that a response may be required, Ocwen denies the allegations set forth in Paragraph 232 of the Complaint.

233.     The allegations set forth in Paragraph 233 of the Complaint consist of Plaintiffs' characterization of this claim, to which no response is required.  To the extent that a response may be required, Ocwen denies the allegations set forth in Paragraph 233 of the Complaint.

234.     The allegations set forth in Paragraph 234 of the Complaint consist of legal conclusions to which no response is required.  To the extent that a response may be required, Ocwen denies the allegations set forth in Paragraph 234 of the Complaint.

235.     Ocwen admits that GBL § 349(a) contains the quoted text.  Ocwen further states that GBL § 349(a) speaks for itself as to its content.

236.     Ocwen denies the allegations set forth in Paragraph 236 of the Complaint.

237.     Ocwen denies the allegations set forth in Paragraph 237 of the Complaint, including the allegations contained in subparagraphs (a) through (e) of Paragraph 237.

238.     Ocwen denies the allegations set forth in Paragraph 238 of the Complaint, including the allegations set forth in subparagraphs (a) through (c) of Paragraph 238.

239.     Ocwen denies the allegations set forth in Paragraph 239 of the Complaint.

240.     Ocwen denies the allegations set forth in Paragraph 240 of the Complaint.

241.     Ocwen denies the allegations set forth in Paragraph 241 of the Complaint.

242.     Ocwen denies the allegations set forth in Paragraph 242 of the Complaint.

243.     Ocwen denies the allegations set forth in Paragraph 243 of the Complaint.

## COUNT III

## VIOLATIONS OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW, 73 P.S. §201-2(XXI)

### *(as to all Defendants)*

244.     Ocwen incorporates by reference its responses to Paragraphs 1 through 243 of the Complaint as if fully set forth herein.

245.     The allegations set forth in Paragraph 245 of the Complaint are directed to Plaintiffs' Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL") claim, which claim was dismissed pursuant to the Opinion and Order of the Court, dated March 11, 2015, and, accordingly, no response is required.  The allegations set forth in Paragraph 245 of the Complaint consist of Plaintiffs' characterization of this claim, to which a response is also not required.  To the extent that a response may be required, Ocwen denies the allegations set forth in Paragraph 245 of the Complaint.

246.     The allegations set forth in Paragraph 246 of the Complaint are directed to Plaintiffs' UTPCPL claim, which claim was dismissed pursuant to the Opinion and Order of the Court, dated March 11, 2015, and, accordingly, no response is required.  The allegations set forth in Paragraph 246 of the Complaint consist of Plaintiffs' characterization of this claim, to which a response is also not required.  To the extent that a response may be required, Ocwen denies the allegations set forth in Paragraph 246 of the Complaint.

247.     The allegations set forth in Paragraph 247 of the Complaint are directed to Plaintiffs' UTPCPL claim, which claim was dismissed pursuant to the Opinion and Order of the

Court, dated March 11, 2015, and, accordingly, no response is required.  The allegations set forth in Paragraph 247 of the Complaint consist of legal conclusions, to which a response is also not required.  To the extent that a response may be required, Ocwen denies the allegations set forth in Paragraph 247 of the Complaint.

248.    The allegations set forth in Paragraph 248 of the Complaint are directed to Plaintiffs' UTPCPL claim, which claim was dismissed pursuant to the Opinion and Order of the Court, dated March 11, 2015, and, accordingly, no response is required.  The allegations set forth in Paragraph 248 of the Complaint consist of legal conclusions, to which a response is also not required.  To the extent that a response may be required, Ocwen denies the allegations set forth in Paragraph 248 of the Complaint.

249.    The allegations set forth in Paragraph 249 of the Complaint are directed to Plaintiffs' UTPCPL claim, which claim was dismissed pursuant to the Opinion and Order of the Court, dated March 11, 2015, and, accordingly, no response is required.  To the extent that a response may be required, Ocwen denies the allegations set forth in Paragraph 249 of the Complaint.

250.    The allegations set forth in Paragraph 250 of the Complaint are directed to Plaintiffs' UTPCPL claim, which claim was dismissed pursuant to the Opinion and Order of the Court, dated March 11, 2015, and, accordingly, no response is required.  To the extent that a response may be required, Ocwen denies the allegations set forth in Paragraph 250 of the Complaint, including the allegations set forth in subparagraphs (a) through (e) of Paragraph 250.

251.    The allegations set forth in Paragraph 251 of the Complaint are directed to Plaintiffs' UTPCPL claim, which claim was dismissed pursuant to the Opinion and Order of the Court, dated March 11, 2015, and, accordingly, no response is required.  To the extent that a

response may be required, Ocwen denies the allegations set forth in Paragraph 251 of the Complaint.

252.    The allegations set forth in Paragraph 252 of the Complaint are directed to Plaintiffs' UTPCPL claim, which claim was dismissed pursuant to the Opinion and Order of the Court, dated March 11, 2015, and, accordingly, no response is required.  To the extent that a response may be required, Ocwen denies the allegations set forth in Paragraph 252 of the Complaint.

253.    The allegations set forth in Paragraph 253 of the Complaint are directed to Plaintiffs' UTPCPL claim, which claim was dismissed pursuant to the Opinion and Order of the Court, dated March 11, 2015, and, accordingly, no response is required.  To the extent that a response may be required, Ocwen denies the allegations set forth in Paragraph 253 of the Complaint.

254.    The allegations set forth in Paragraph 254 of the Complaint are directed to Plaintiffs' UTPCPL claim, which claim was dismissed pursuant to the Opinion and Order of the Court, dated March 11, 2015, and, accordingly, no response is required.  To the extent that a response may be required, Ocwen denies the allegations set forth in Paragraph 254 of the Complaint.

255.    The allegations set forth in Paragraph 255 of the Complaint are directed to Plaintiffs' UTPCPL claim, which claim was dismissed pursuant to the Opinion and Order of the Court, dated March 11, 2015, and, accordingly, no response is required.  To the extent that a response may be required, Ocwen denies the allegations set forth in Paragraph 255 of the Complaint.

**COUNT IV**

**VIOLATIONS OF THE NEW JERSEY
CONSUMER FRAUD ACT, N.J. STAT. §56:8:-1**

*(as to all Defendants)*

256.    Ocwen incorporates by reference its responses to Paragraphs 1 through 255 of the Complaint as if fully set forth herein.

257.    The allegations set forth in Paragraph 257 of the Complaint consist of Plaintiffs' characterization of this claim, to which no response is required.  To the extent that a response may be required, Ocwen denies the allegations set forth in Paragraph 257 of the Complaint.

258.    The allegations set forth in Paragraph 258 of the Complaint consist of Plaintiffs' characterization of this claim, to which no response is required.  To the extent that a response may be required, Ocwen denies the allegations set forth in Paragraph 258 of the Complaint.

259.    The allegations set forth in Paragraph 259 of the Complaint consist of legal conclusions to which no response is required.  To the extent that a response may be required, Ocwen denies the allegations set forth in Paragraph 259 of the Complaint.

260.    The allegations set forth in Paragraph 260 of the Complaint consist of legal conclusions to which no response is required.  To the extent that a response may be required, Ocwen denies the allegations set forth in Paragraph 260 of the Complaint.

261.    Ocwen denies the allegations set forth in Paragraph 261 of the Complaint.

262.    Ocwen denies the allegations set forth in Paragraph 262 of the Complaint, including the allegations set forth in subparagraphs (a) through (e) of Paragraph 262.

263.    Ocwen denies the allegations set forth in Paragraph 263 of the Complaint.

264.    Ocwen denies the allegations set forth in Paragraph 264 of the Complaint.

265.    Ocwen denies the allegations set forth in Paragraph 265 of the Complaint.

266.    Ocwen denies the allegations set forth in Paragraph 266 of the Complaint.

## VI.        PRAYER FOR RELIEF

Ocwen denies that Plaintiffs are entitled to any relief, including the relief requested in sub-paragraphs (A) through (I) of Plaintiffs' Prayer for Relief, and further denies that Plaintiffs proposed classes satisfy the requirements for certification of a class under Rule 23 of the Federal Rules of Civil Procedure.

## VII.       JURY TRIAL DEMANDED

Section VII of the Complaint contains Plaintiffs' demand for a trial by jury, to which no response is required.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted against Ocwen.

### Second Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered any damages or ascertainable loss.

### Third Affirmative Defense

Plaintiffs' claims are barred by their binding, voluntary agreement to the terms and conditions of their loan documents.

### Fourth Affirmative Defense

Plaintiffs' claims are barred by the voluntary payment doctrine.

### Fifth Affirmative Defense

Plaintiffs' claims are barred by the doctrines of waiver, estoppel, and ratification.

### Sixth Affirmative Defense

Plaintiffs' claims are barred by the applicable Statute of Frauds and/or the parol evidence rule.

### Seventh Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to mitigate damages.

### Eighth Affirmative Defense

Ocwen has, at all times relevant to this action, complied with all applicable federal laws, regulations, and guidelines governing the conduct of its business.

### Ninth Affirmative Defense

Ocwen has, at all times relevant to this action, complied with all applicable state laws, regulations, and guidelines governing the conduct of its business.

### Tenth Affirmative Defense

Ocwen has, at all times relevant to this action, complied with all applicable rules, requirements, laws, and regulations, including as set forth in their Servicer Participation Agreements and the program guidelines that comprise the Home Affordable Modification Program ("HAMP"), with respect to Plaintiffs' mortgage loans.

### Eleventh Affirmative Defense

Ocwen has acted in good faith at all times and any alleged violation by Ocwen was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

**Twelfth Affirmative Defense**

Ocwen is entitled to a presumption that they have acted in good faith where they have offered loan modifications to Plaintiffs.

**Thirteenth Affirmative Defense**

Ocwen has, at all times relevant to this action, complied with the terms of Plaintiffs' mortgages and notes, as well as with the terms of any applicable servicing agreements.

**Fourteenth Affirmative Defense**

Plaintiffs' claims are preempted by federal law.

**Fifteenth Affirmative Defense**

Plaintiffs' claims are barred by the application of the doctrine of unclean hands.

**Sixteenth Affirmative Defense**

Ocwen intends to rely on the doctrines of offset and recoupment with respect to any and all unsatisfied indebtedness of Plaintiffs.

**Seventeenth Affirmative Defense**

Plaintiffs' claims are barred by the economic loss doctrine.

**Eighteenth Affirmative Defense**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing to bring some or all of their claims against Ocwen.

**Nineteenth Affirmative Defense**

Ocwen hereby gives notice that it intends to rely upon such other and further defenses as may become available during discovery proceedings in this case and hereby reserves its right to amend the Answer and assert such defenses.

**WHEREFORE**, defendant Ocwen Loan Servicing, LLC respectfully requests that the Court:

1.      Enter a judgment in Ocwen's favor on all counts of the Complaint;

2.      Dismiss the Complaint with prejudice;

3.      Award Ocwen its costs and expenses, including attorneys' fees, incurred in this action; and

4.      Grant such other relief as the Court deems just and proper.

Respectfully submitted,

OCWEN LOAN SERVICING, LLC,

By its attorneys,

*/s/ Brian M. Forbes*

R. Bruce Allensworth (*pro hac vice*)
Brian M. Forbes (*pro hac vice*)
Robert W. Sparkes, III (*pro hac vice*)
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Tel:  (617) 261-3100
Fax:  (617) 261-3175
E-mail: bruce.allensworth@klgates.com
E-mail: brian.m.forbes@klgates.com
E-mail: robert.sparkes@klgates.com

David S. Versfelt
K&L GATES LLP
599 Lexington Avenue, 34th Floor
New York, NY 10022
Tel:  (212) 536-3900
Fax: (212) 536-3901
E-mail: david.versfelt@klgates.com

*Counsel for Defendants*

Dated:  April 24, 2015

## CERTIFICATE OF SERVICE

I, Brian M. Forbes, hereby certify that this document filed through the electronic case filing ("ECF") system on April 24, 2015 will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and a paper copy will be sent by mail to non-registered participants.

*/s/ Brian M. Forbes*
Brian M. Forbes