USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 5/6/2015

Ramos, E.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GEORGE DUMONT, JONATHAN GRIMES, YVONNE WILLIAMS and KUJTIM ADILI, On Behalf Of Themselves And All Others Similarly Situated,<br><br>Plaintiffs,<br><br>-against-<br><br>LITTON LOAN SERVICING, LP, and OCWEN LOAN SERVICING, LLC,<br><br>Defendants. | Civil Action No. 1:12-cv-02677-ER-LMS<br><br>AMENDED [PROPOSED] CIVIL CASE DISCOVERY PLAN AND SCHEDULING ORDER |

Pursuant to Federal Rules of Civil Procedure 16 and 26(f) and in light of the Court's Opinion and Order dated March 11, 2015, Plaintiffs George DuMont, Jonathan Grimes, Yvonne Williams and Kujtim Adili ("Plaintiffs") and Defendants Litton Loan Servicing LP and Ocwen Loan Servicing, LLC ("Defendants") hereby submit this Amended [Proposed] Civil Case Discovery Plan and Scheduling Order.

1. **Magistrate Judge**

    (a) The Magistrate Judge assigned to this case is the Hon. Lisa M. Smith.

    (b) The Parties do not consent to conducting all further proceedings before the Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c).

    (c) If, after entry of this Order, the Parties consent to trial before the Magistrate Judge, the Magistrate Judge will schedule a date certain for trial and will, if necessary, amend this Order consistent therewith.

2. **Discovery Schedule and Scope**

    (a) **Bifurcation of Discovery**

    Counsel for the Parties appeared before the Court on January 31, 2013, at which time

certain discovery related disputes were argued and resolved by the Court. Specifically, the Court, in relevant part, ordered that discovery in this putative class action shall be bifurcated and conducted in two phases. The Parties will first engage in discovery on class certification issues and the merits of the named Plaintiffs' individual claims ("Phase One Discovery"), followed by briefing and oral argument on Plaintiffs' anticipated motion for class certification. The second phase of discovery will address discovery related to the merits of Plaintiffs' putative class claims and/or individual claims ("Phase Two Discovery") and will take place only after the Court issues a ruling on class certification.

    (b)    **Discovery Schedule**

        (i)    <u>Phase One Discovery</u>. All discovery regarding class certification issues and the merits of the named Plaintiffs' individual claims shall be completed on or before **July 13, 2016**. Specifically:

            (1)    Initial Disclosure Statements, as required by Rule 26(a)(1) of the Federal Rules of Civil Procedure, shall be exchanged on or before **May 29, 2015**.

            (2)    First Interrogatories, if any, shall be served no later than **June 8, 2015**.

            (3)    First request for production of documents, if any, shall be served no later than **June 8, 2015**.

            (4)    Non-expert depositions shall be completed by **March 21, 2016**.

            (5)    Requests to Admit, if any, shall be served no later than **April 21, 2016**.

            (6)    Any further interrogatories shall be served no later than **April 21, 2016**.

            (7)    Plaintiffs shall disclose their expert(s) for class certification and submit expert reports by no later than **April 21, 2016**.

            (8)    Defendants shall disclose their expert(s) for class certification and submit expert reports by **June 7, 2016**.

            (9)    Expert depositions shall be completed by **July 13, 2016**.

    (ii)     <u>Phase Two Discovery</u>. The Parties shall submit a joint statement and discovery proposal regarding further discovery and case deadlines, if necessary, within fourteen (14) days after the Court issues its decision on class certification. A proposed schedule for the briefing of any motion for class certification is set forth in Paragraph 4 below.

(c)     **<u>Discovery Limitations</u>**

    (i)     **<u>Depositions</u>**

        (1)     The limitation set forth in Federal Rule of Civil Procedure 30(a)(2)(A), that is ten (10) depositions limited to seven hours in duration (not including depositions of experts), applies. If the Parties believe, in good faith, that additional depositions are necessary, the Parties must confer with one another in an attempt to reach an agreement and, if such agreement is not forthcoming, the party seeking additional depositions must seek leave of Court to reasonably extend the limitations set forth by the applicable rules.

    (ii)     **<u>Interrogatories</u>**

        (1)     The provisions of Local Civil Rule 33.3 shall apply to this case.

        (2)     The Parties agree that the limitations set forth in Federal Rule of Civil Procedure 33(a)(1), that is twenty-five (25) written interrogatories, including all discrete subparts, shall apply to this case. If the Parties believe, in good faith, that additional interrogatories are necessary, the Parties agree to confer with one another in an attempt to reach an agreement and, if such agreement is not forthcoming, the party seeking additional interrogatories must seek leave of Court to reasonably extend the limitations set forth by the applicable rules.

(d)     **<u>Depositions</u>**

    (i)     Unless counsel agree otherwise or the Court so orders, depositions shall not be held until all parties have responded to any first requests for production of documents.

    (ii)     Depositions shall proceed concurrently.

    (iii)     Whenever possible, unless counsel agree otherwise or the Court so orders, non-party depositions shall follow party depositions.

(e)     **<u>Stipulated Protective Order</u>.** The Parties anticipate that discovery in this action may include the discovery of confidential, proprietary and trade secret information and/or private borrower information protected by applicable

      privacy and other laws. Accordingly, to facilitate discovery, the Parties have entered and the Court has endorsed a Stipulated Protective Order Regarding Confidential Information (see Dkt. No. 72).

    (f)    **Preservation of Evidence.** The Parties have taken and will continue to take all reasonable steps, pursuant to the Federal Rules of Civil Procedure and other applicable rules, necessary to ensure that no potentially relevant documents, including electronically-stored information, are destroyed.

3. **Further Case Deadlines**

    (a)    *Joinder*: Joinder of additional parties must be accomplished by **March 31, 2016.**

    (b)    *Amendment*: Amendment of the pleadings must be accomplished by **March 31, 2016.**

4. **Motion for Class Certification**

    (a)    Plaintiffs' motion for class certification shall be filed after the completion of Phase One Discovery, by no later than **August 10, 2016**.

    (b)    Defendants' opposition to Plaintiffs' motion for class certification shall be filed by **September 14, 2016**.

    (c)    Plaintiffs' reply shall be filed by **October 12, 2016**.

    (d)    The Parties shall submit a joint statement and discovery proposal regarding further discovery and case deadlines, if necessary, within fourteen (14) days after the Court issues its decision on class certification.

5. **Motion Practice.** Any motions shall be filed in accordance with the Court's Individual Practices.

6. **Jury Trial.** Plaintiffs have demanded a trial by jury.

7. **Amendment of This Plan/Order.** This Amended Civil Case Discovery Plan and Scheduling Order may not be changed without leave of Court (or the assigned Magistrate Judge acting under a specific order of reference).

8. **Case Management Conference**. The next case management conference is scheduled for _7/20/2016_, at _11:00am_. (The Court will set this date at the initial conference.)

SO ORDERED.

Dated: New York, New York

_May 6, 2015_

Edgardo Ramos, U.S. District Judge